BAKER, Judge, dissenting.
[10] Although I fully agree with almost all of the majority’s analysis, I respectfully part ways with its final two paragraphs and dissent from the result it reaches. The plain language of Indiana Code section 35 — 38—1—1(b) requires trial courts to advise a defendant being sentenced “that the person is sentenced for not less than the earliest release date and for not more than the maximum possible release date.” This language is not ambiguous. It may be true, as the majority opines, that this task “would be incredibly difficult, if not impossible,” for trial courts to accomplish. Op. p. 943. Nonetheless, our General Assembly has mandated this action, and it is not within our purview to exempt trial courts from a mandatory statute simply because it may be difficult to comply with its requirements.
[11] I certainly disagree that this task is “impossible.” Yes, it is complicated, and yes, it will require consideration of multiple factors and calendars. But I am confident that the trial judges of this State are up to the task. I do not anticipate that trial courts will have to speculate whether a defendant may participate in any programs that might engender a time reduction, but I do believe that the clear statutory language requires the trial court to attempt to calculate the earliest date a defendant could be released and also the outside limit of the possible actual time of incarceration. The mere fact that a statutory requirement is difficult to fulfill cannot possibly mean that it can be ignored altogether.
[12] Therefore, I would remand this cause to the trial court so that it can include the statutorily required advisement in a new sentencing order. I agree with my colleagues that this lapse provides no relief for this defendant.